THE PEOPLE OF THE STATE OF NEW YORK ex rel. LARCHMONT MANOR PARK SOCIETY, Respondent, against JAMES M. SMITH, as Assessor of the Town of Mamaroneck, et al., Appellants. THE PEOPLE OF THE STATE OF NEW YORK ex rel. LARCHMONT MANOR PARK SOCIETY, Respondent, against FRANK BARNES, as Substituted Assessor of the Village of Larchmont, et al., Appellants.— Appellants — respondents below — appeal from separate final orders in consolidated certiorari proceedings to review assessments of the Town of Mamaroneck and the Village of Larchmont. Each final order sustains the writ and adjudges that the assessments were illegal and void, and directs the appropriate municipal authorities to audit, allow and pay to the respondent or any other person who shall have paid the same, the amount of taxes paid upon and on account of the assessments adjudged to be illegal and void. The final orders are unanimously affirmed, with one bill of fifty dollars costs and disbursements, payable by appellants jointly. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ. [See *post,* pp. 1059, 1060.]

GERTRUDE SULLIVAN, as Administratrix of the Estate of THOMAS F. SULLIVAN, Deceased, Appellant, v. CENTRAL HANOVER BANK & TRUST COMPANY et al., Respondents.— In an action to recover for the death of plaintiff's intestate, the plaintiff appeals from a judgment dismissing the complaint, entered upon the granting of motions by the defendants to dismiss made at the close of the plain-tiff's case and again at the close of the entire case, upon which decision was reserved at the trial, and which motions were granted after a general verdict had been rendered in favor of the. plaintiff. Judgment unanimously affirmed, with costs. The plaintiff did not establish even prima facie that the broken spindle was the proximate cause of the accident. Upon the issue with respect to the time when the alleged repairs to the balustrade were made and the alleged assurances of safety thereof were given, this court determines that any finding, implicit in the verdict of the jury, that such events took place after the death of the elder Cavanagh is contrary to the weight of the evidence, and a new trial would be granted in any event upon that ground. This court also determines that any finding, implicit in the verdict of the jury, that such repairs were made and assurance given by the younger Cavanagh, as an agent of defendants and with their authority and authorization, is contrary to the weight of the evidence and in any event a new trial would be granted upon that ground. In other respects, the findings of fact implicit in the verdict would not be disturbed by this court. This court has considered the weight of the evidence in view of the motion made by the defendants for a new trial and has reached the foregoing determination thereon. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Aldrich, JJ.